# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

**1CAPAPP, LLC**,

      Plaintiff,

v.

**JORDAN CHRISTIAN**, **JASON CHRISTIAN**, **JUSTIN CHRISTIAN**, and **THE CAROL JEANETTE CHRISTIAN REVOCABLE TRUST**,

      Defendants.

Case No. 3:25-cv-993

Jury Trial Demanded

## VERIFIED COMPLAINT

Plaintiff 1CapApp, LLC hereby submits its Verified Complaint against Defendants Jordan Christian, Jason Christian, Justin Christian, and the Carol Jeanette Christian Revocable Trust ("CJCR Trust"), and alleges as follows:

### Introduction

1. This litigation stems from the Defendants' unlawful and malicious trespass on 1CapApp's protected computer system in violation of federal and state law.

2. More specifically, without authorization, Defendants surreptitiously gained access to a 1CapApp email account and online document storage account.

3. Through this unauthorized access, Defendants took a significant amount of 1CapApp's sensitive business information and documents.

4. The full extent of which remains unknown, but Defendants misappropriated at least 57 gigabytes of data. 1CapApp files this lawsuit to recover

for the loss it suffered from the illegal intrusion and to obtain injunctive relief to prevent further irreparable harm.

## The Parties

5.  1CapApp is a member managed limited liability company, organized under the laws of Kansas, that is registered to do business in North Carolina. 1CapApp's sole manager, Christine Joseph, operates the business from her home in Charlotte, North Carolina.

6.  Defendant Jordan Christian is a resident of California. Upon information and belief, he can be served at his home address: 4525 Hazelnut Avenue, Seal Beach, California 90740.

7.  Defendant Jason Christian is a resident of New Jersey. Upon information and belief, he can be served at 29 Sunrise Way, Towaco, NJ 07082.

8.  Defendant Justin Christian is a resident of Missouri. Upon information and belief, he can be served at 4804 SW Beckham Drive, Lees Summit, MO 64083.

9.  Upon information and belief, Defendants Jordan Christian, Jason Christian, and Justin Christian are the beneficiaries of the C. Jeanette Christian Revocable Trust. Upon information and belief, they are the sole beneficiaries.

10. Defendant C. Jeanette Christian Revocable Trust is a trust based in Kansas. Upon information and belief, it can be served upon its trustee, Defendant Jordan Christian, at his home address: 4525 Hazelnut Avenue, Seal Beach, California 90740.

## Jurisdiction & Venue

11.     The Court has subject matter jurisdiction over this case because it arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Specifically, its claims arise under 18 U.S.C. § 1030, the Computer Fraud and Abuse Act. The Court also has supplemental jurisdiction over the ancillary state law claims pursuant to 28 U.S.C. § 1367.

12.     Venue is proper in this judicial district because it is where a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391.

## Factual Background

13.     1CapApp is a developer of computer and application software relating to real-time captioning services of events, private meetings, and live broadcasts.

14.     1CapApp facilitates the real-time captioning services for private parties, as well as governmental organizations, including the U.S. Department of Homeland Security ("DHS"), Internal Revenue Service ("IRS"), and U.S. Immigration and Customs Enforcement ("ICE").

15.     1CapApp was formed through a merger with a North Carolina entity *via* the filing of a Certificate of Merger with the Secretary of State of the State of Kansas on March 26, 2021 (the "Merger"). True and accurate copies of the Certificate of Merger and Adoption Agreement for Operating Agreement are attached hereto as **Exhibit A** and **B**, respectively.

16.     As a result of the Merger, the following parties held membership interests in 1CapApp as of March 26, 2021:

| Member | Membership Interest Percentage |
|---|---|
| C. Jeanette Christian | 40% |
| Christine D. Joseph | 40% |
| Nicholas Trani | 14% |
| SparkLabKC, L.P. | 6% |

17.     Following the Merger, C. Jeanette Christian and Christine Joseph bought out SparkLabKC, L.P.  As a result of that transaction, the following parties currently hold membership interests in 1CapApp:

| Member | Membership Interest Percentage |
|---|---|
| C. Jeanette Christian | 43% |
| Christine D. Joseph | 43% |
| Nicholas Trani | 14% |

18.     From 1CapApp's inception, each of C. Jeanette Christian and Christine Joseph were managers of 1CapApp and were actively involved in operating the business of 1CapApp.

19.     At no time have any of the Defendants been a manager or employee of 1CapApp or otherwise been involved in 1CapApp's business.

4

20. At no time has 1CapApp provided an email or online storage account for any of the Defendants.

21. At no time has 1CapApp provided any of the Defendants with login credentials for any other 1CapApp email account or online storage account.

22. On July 20, 2025, C. Jeanette Christian passed away, and consistent with its data security procedures, Jeanette Christian's 1CapApp e-mail and storage drive account passwords were changed.

23. The account was not immediately taken offline, because 1CapApp wanted to retain the ability to respond to inquiries sent to Jeanette Christian's e-mail address and to preserve 1CapApp's access for purposes of two-factor authentication.

***Defendant Jordan Christian's attempt to inject himself in 1CapApp's affairs***

24. Defendants Jordan Christian, Jason Christian, and Justin Christian are C. Jeanette Christian's children.

25. On October 24, 2025, several months after Jeanette Christian's death, Defendant Jordan Christian sent 1CapApp's manager, Christine Joseph, an email asserting that his mother's membership interest in 1CapApp had been assigned to Defendant CJCR Trust.

26. Defendant Jordan Christian further asserted that he was the trustee of Defendant CJCR Trust. A true and correct copy of the October 24th email with attachments is attached hereto and incorporated herein by reference as **Exhibit C**.

5

27. Defendant Jordan Christian based his belief about Defendant CJCR Trust's purported membership interest in 1CapApp on a single-page document dated May 22, 2018, that he attached to his email. *See* **Exhibit C**.

28. According to this document, Jeanette Christian agreed to "assign, convey and transfer all her member interest" in the North Carolina entity that was dissolved as part of the 2021 Merger to Defendant CJCR Trust effective May 22, 2018. As part of this document, Jeanette Christian also agreed "to carry out any further actions as may be reasonable or necessary in relation to the assignment."

29. As of the effective date of the purported assignment of Jeanette Christian's membership interest, May 22, 2018, 1CapApp did not exist.

30. 1CapApp's Operating Agreement details the "further actions" that were required to be taken in order to effectuate a transfer of C. Jeanette Christian's membership interest to Defendant CJCR Trust. A true and correct copy of 1CapApp's Operating Agreement is attached hereto and incorporated here by reference as **Exhibit D**.

31. Under 1CapApp's Operating Agreement, 1CapApp's members have the right to transfer membership interest to a trust for the benefit of their families, but "such Member status shall be effective ***only upon written notice to the Manager and all other Members of such Permitted Assignment***[.]" **Exhibit D**, Operating Agreement, § 9.1 (emphasis added).

6

32.     Presuming the assignment document's authenticity, Jeanette Christian had never shared this May 22, 2018 assignment document with anyone associated with the 1CapApp.

33.     Contrary to Defendant Jordan Christian's assertions, Defendant CJCR Trust never received notice of any assignment of membership from 1CapApp.

34.     Rather, Jeanette Christian's membership interest in 1CapApp transferred to her estate immediately upon her passing, where it presumably remains until that estate is probated.

35.     In fact, none of the other managers or members of 1CapApp had seen this document until Defendant Jordan Christian sent it on October 25, 2025.

36.     Absent the required notice, the May 22, 2018 purported assignment document was not effective at the time of the Merger, when Jeanette Christian executed all documents in her personal capacity, including documents reflecting the current ownership interest of 1CapApp, none bearing any reference to the CJCR Trust. *See* **Exhibit A**, ¶ 8, **Exhibit B**, Adoption.

37.     None of the 1CapApp's documents have ever reflected that Defendant CJCR Trust is or ever has been a member of 1CapApp. In fact, Jeanette Christian executed multiple documents ratifying her personal ownership of her interest in 1CapApp after the May 22, 2018 date of the purported assignment, including documents associated with the merger and documents regarding the buyout of SparkLabKC, L.P. *See, e.g.*, **Exhibit B**, Adoption.

### *Defendants' unlawful intrusion into 1CapApp's computer system*

38.     On the morning of November 14, 2025, Christine Joseph, 1CapApp's manager, received an automated email from its email and online document storage provider.

39.     That automated e-mail alerted 1CapApp to the fact that someone had succeeded in gaining access to 1CapApp's email account and online storage previously used by Jeanette Christian.

40.     No one had used this account in several months, however, because 1CapApp took steps to limit access to the account after Jeanette Christian's death.

41.     1CapApp immediately took steps to preclude any further access and began investigating the intrusion to determine the scope of information accessed and identify the parties that illegally accessed Jeanette Christian's 1CapApp email account without authorization.

42.     Through this investigation, 1CapApp discovered that one or more of the Defendants had infiltrated 1CapApp's computer email system without authority, accessing, downloading, and/or transferring at least 57 gigabytes of data, including 78,553 files, constituting more than 321,756 pages of information belonging to 1CapApp.

43.     In order to gain access to 1CapApp's information, Defendants reset Jeanette Christian's 1CapApp password using a personal e-mail account designated as her recovery e-mail account.

44. Upon information and belief, Defendants are the only parties with access to Jeanette Christian's recovery e-mail account.

45. After gaining access to 1CapApp's system, Defendants spend approximately one hour extracting specific data from the 1Cap App email account and online document storage assigned Jeanette Christian, including information regarding Jeanette Christian's estate plan.

46. Defendants also prepared a number of "Test emails" and sent at least nine e-mails containing 167 attachments to three e-mail addresses known to be used by Defendants.

47. 1CapApp's email and online document storage system represents a high-speed data processing device, or "computer" as that term is defined in 18 U.S.C. 1030(e)(1).

48. 1CapApp's business involves working with parties in the United States, Australia, United Kingdom, France, and Germany for purposes of completing commercial engagements, thus its computer and online document storage is used in or affects interstate commerce so as to represent a "protected computer" under § 1030(e)(2).

49. Thus far, 1CapApp's investigation has revealed that one or more of the Defendants exported the *entire* email account and downloaded *every* document in her 1CapApp online document storage system. This amounts to approximately 57 gigabytes worth of data and thousands of documents.

9

50. Defendants absconded with, by way of example, sensitive information including 1CapApp's financial data including tax returns, balance sheets, profit and loss statements, client contact information, and internal workflow documents, as well as customer retention agreements, NDAs, customer communications, draft customer products, confidential transcripts, and much more.

51. Anything that Jeanette Christian had in her 1CapApp email account or had stored in the online document storage system over the course of years is now in the possession of one or more of Defendants through his unauthorized access.

52. Critically, in this download of all information, Defendants took documents that 1CapApp created pursuant to sensitive contracts with various federal government agencies, including DHS, ICE, and the IRS.

53. 1CapApp stores copies of transcripts via its cloud-based data storage, but a significant volume of the private transcripts are delivered to 1CapApp as e-mail attachments.

54. Although it is still in the process of completing its investigation, 1CapApp also has reason to believe that this includes materials that may be subject to secrecy classifications by the United States government.

55. The Defendants also attempted to change the password for Jeanette Christian's 1CapApp email account. This was an apparent effort to lock 1CapApp out of its own account.

56. Through this breach, the Defendants also obtained passwords for 1CapApp's various accounts with vendors, including its bank, Bill.com (a financial operations platform that 1CapApp used), Zoom, and a website hosting platform.

57. In addition to doing a full download of Jeanette Christian's 1CapApp online document storage system and email account, the Defendants also emailed certain documents to themselves at the following email addresses: startupjc@gmail.com, jason.m.christian@gmail.com, and jmc1010ku@gmail.com.

58. Each of the three e-mail addresses, startupjc@gmail.com, jason.m.christian@gmail.com, and jmc1010ku@gmail.com, are known to be used by Defendants.

59. Defendants also tried to delete these emails and erase evidence of the intrusion.

60. Upon information and belief, these Defendants conspired with one another to perpetrate unauthorized access to 1CapApp's private, protected computer system.

61. Defendants unauthorized and illegal intrusion into 1CapApps computer has caused serious harm to 1CapApp.

62. At the least, 1CapApp knows that it has suffered irreparable harm with respect to the relationships it has with its customers, vendors, and other business partners. 1CapApp has invested greatly in its relationships with customers, vendors, and other business partners.

11

63. 1CapApp has often exchanged confidential and sensitive business information and documents with these customers, vendors, and other business parties. Some of this information was stored in the 1CapApp email and online document storage system used Jeanette Christian.

64. In fact, at the core of many of these relationships are understandings if not express agreements to maintain confidentiality.

65. Notably, numerous non-disclosure agreements were contained in the information unlawfully misappropriated by Defendants.

66. By no fault of its own, 1CapApp has now found itself in a position because of the Defendants where those confidential relationships have been breached, and it may be obligated to disclose the Defendants' security breach to its customers, vendors, and other business partners.

67. This breach of trust has the real potential to cause significant harm to, if not altogether destroy, some of those relationships.

68. This harm to the relationships 1CapApp has that Defendants caused by hacking into its email and online document storage system is irreparable. And as long as it remains the possibility that more of these relationships will be damaged because of Defendant's conduct, that risk of ongoing irreparable harm remains.

69. Immediately following its discovery of the intrusion, 1CapApp demanded that Defendants immediately return and/or destroy the data they misappropriated, but as of date of this filing, Defendants have failed to take any steps

12

to mitigate the ongoing harm caused by their illegal intrusion and data misappropriation.

70.     1CapApp continues to investigate the extent to which Defendants accessed its data and the damage they caused.

## Count I – Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030)
## (All Defendants)

71.     1CapApp incorporates the preceding paragraphs of this Verified Complaint as if stated here under this Count.

72.     Defendants intentionally accessed 1CapApp's protected computer and data.

73.     1CapApp's email and online document storage system represents a high-speed data processing device, or "computer" as that term is defined in 18 U.S.C. 1030(e).

74.     1CapApp's business involves working with parties in the United States, Australia, United Kingdom, France, and Germany for purposes of completing commercial engagements, thus its computer and online document storage is used in or affects interstate commerce so as to represent a "protected computer" under § 1030(e).

75.     Defendants did not have the authority from 1CapApp to access 1CapApp's protected computer or data.

76. Defendants obtained valuable and sensitive business and personal information from 1CapApp's protected computer and data through this unauthorized access.

77. Defendants' unauthorized intrusion to 1CapApp's protected computer harmed 1CapApp.

78. As a result of Defendants' unauthorized access to 1CapApp's computer, 1CapApp suffered a loss of at least $5,000 over the course of a one-year period, including but not limited to time and money spent investigating the breach, securing the network, assessing the scope of the intrusion, pre-litigation attempts to recover the data and mitigate the harm, as well as anticipated damage to existing business relationships.

**Count II – Computer Trespass (N.C.G.S. § 14-458) (All Defendants)**

79. 1CapApp incorporates the preceding paragraphs of this Verified Complaint as if stated here under this Count.

80. Defendants intentionally accessed and used 1CapApp's computer or computer network to make or cause to be made an unauthorized copy of computer data.

81. Defendants did not have permission to access 1CapApp's computer or computer network or make any copies of any data.

82. This computer data of which Defendants made a copy resided in, was communicated by, or was produced by a computer or computer network.

83. As a result of Defendants' computer trespass conduct, 1CapApp has been harmed.

### Count III – Intentional Intrusion upon Seclusion (All Defendants)

84. 1CapApp incorporates the preceding paragraphs of this Verified Complaint as if stated here under this Count.

85. Defendants' intentionally intruded upon the solitude or seclusion of 1CapApp and its affairs by surreptitiously accessing and copying its computer data.

86. Defendants' intentional intrusion is highly offensive to a reasonable person.

87. As a result of Defendants' intentional intrusion upon seclusion, 1CapApp has been harmed.

### Count IV – Conversion (All Defendants)

88. 1CapApp incorporates the preceding paragraphs of this Verified Complaint as if stated here under this Count.

89. 1CapApp is the owner of the data and documents in its online document storage system and email account, including the drive and account that Jeanette Christian used while she was alive.

90. Defendants wrongfully came to possess 1CapApp's data and documents when he accessed its online document storage system and email account without authorization, and then kept a copy of the same, also without authorization.

91. As a result of Defendants' conversion of 1CapApp's property, 1CapApp was harmed.

## Count V – Injunctive Relief (All Defendants)

92. 1CapApp incorporates the preceding paragraphs of this Verified Complaint as if stated here under this Count.

93. 1CapApp has a high likelihood of succeeding on the merits in this case. Defendants worked in concert to access 1CapApp's online document storage system and email data without authority and left proof of their unauthorized access behind.

94. 1CapApp has already suffered irreparable harm at the hands of Defendants through their unauthorized access to and theft of its computer system and data. Absent injunctive relief, 1CapApp will continue to suffer irreparable harm.

95. Defendants have no justifiable excuse for illegally accessing 1CapApp's data without authorization. The balance of equities in this case weighs in favor of 1CapApp.

96. There is a public interest in protecting private computer data and systems. There is no public interest in allowing illegal, surreptitious, and unauthorized access to computer data and systems that belong to another. Therefore, an injunction here would be in the public interest.

## Count VI – Declaratory Judgment
### (The Carol Jeanette Christian Revocable Trust)

97. 1CapApp incorporates the preceding paragraphs of this Verified Complaint as if stated here under this Count.

16

98. An actual controversy within the Court's jurisdiction exists with respect to whether Defendant CJCR Trust is a member of 1CapApp.

99. As purported trustee of Defendant CJCR Trust, Defendant Jordan Christian asserted that the CJCR Trust is a member of 1CapApp and demanded production of company records.

100. 1CapApp denies the CJCR Trust is its member.

101. Whether or not the CJCR Trust is a member may affect its rights to access certain documents that Defendant Jordan Christian first sought through email requests before Defendants, without authorization, accessed 1CapApp's email and online storage account.

102. 1CapApp seeks an order declaring the rights and other legal relations of interested parties. Specifically, 1CapApp seeks a declaration from the Court stating that the CJCR Trust is not a member of 1CapApp.

### Count VII – Civil Conspiracy (All Defendants)

103. 1CapApp incorporates the preceding paragraphs of this Verified Complaint as if stated here under this Count.

104. Defendants had an agreement to do an unlawful act or to do a lawful act in an unlawful way. This conduct included accessing 1CapApp's protected computer data or system without authorization in violation of 18 § U.S.C. 1030, trespassing upon its computer system, intruding upon its seclusion, and converting its property, among other acts.

17

105. Defendants acted pursuant to a common scheme to harm 1CapApp.

106. Defendants' actions did in fact harm 1CapApp.

107. This harm was the direct result of action by one or more of the conspirators.

108. Defendants are jointly and severally liable for their conspiracy to harm 1CapApp.

## Count VIII – Punitive Damages (All Defendants)

109. 1CapApp incorporates the preceding paragraphs of this Verified Complaint as if stated here under this Count.

110. Defendants' conduct was intentional, willful, wanton, and malicious.

111. Defendants deliberately and without authorization accessed 1CapApp's protected computer data and system in an effort to harm 1CapApp, enrich themselves, or both.

112. Because of Defendants' intentional, willful, wanton, and malicious conduct, 1CapApp is entitled to punitive damages.

## Prayer for Relief

**WHEREFORE**, 1CapApp respectfully requests the Court grant it the following relief:

1. A trial by jury on all issues so triable;

2. An award of all damages against Defendants, including compensatory and consequential, in an amount to be proven at trial;

18

3. Preliminary and permanent injunctive relief requiring Defendants to return all information they took and prohibiting further access to any of 1CapApp's computer systems, email accounts, and online data storage accounts;

4. A speedy hearing on its request for a declaratory judgment and a declaratory judgment stating that the CJCR Trust is not a member of 1CapApp;

5. An award of all attorneys' fees and costs incurred in connection with this lawsuit;

6. An award of punitive damages for Defendants' intentional, willful, wanton, and malicious conduct;

7. The costs of this action to be taxed against Defendants; and

8. An award for such other and further relief as may be just and proper.

Respectfully submitted this 26th day of December, 2025.

**WAGNER HICKS PLLC**

/s/ *Sean C. Wagner*
Sean C. Wagner (N.C. State Bar No. 50233)
R. Cuyler Haskins (N.C. State Bar No. 62204)
831 E. Morehead Street, Suite 860
Charlotte, North Carolina 28202
Telephone: (704) 705-7358
sean.wagner@wagnerhicks.law
cuyler.haskins@wagnerhicks.law
*Counsel for 1CapApp 1CapApp, LLC*

## VERIFICATION OF COMPLAINT

I, Christine Joseph, hereby state that I am the manager and a member of 1CapApp, Plaintiff in the case captioned *1CapApp, LLC v. Jordan Christian, et al.*, filed in the United States District Court for the Western District of North Carolina and authorized the filing of this Verified Complaint. I have reviewed the allegations made in the Verified Complaint, and to those allegations of which I have personal knowledge, I believe them to be true. As to those allegations of which I do not have personal knowledge, I rely on documents, as well as the investigation of my counsel, and believe such allegations to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 16, 2025.

Christine Joseph

20