# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Case No. 3:25-cv-993

1CAPAPP, LLC,

       Plaintiff,

v.

JORDAN CHRISTIAN, JASON
CHRISTIAN, JUSTIN CHRISTIAN,
and THE CAROL JEANETTE
CHRISTIAN REVOCABLE TRUST,

      Defendants.

**BRIEF IN SUPPORT OF
DEFENDANTS' RULE 12(b)
MOTIONS TO DISMISS**

IN SUPPORT OF Defendants' Rule 12(b) Motions to Dismiss, Defendants respectfully the show the court as follows:

## INTRODUCTION

Plaintiff's Complaint makes two general categories of claims. First, Plaintiff seeks a declaration that The Carol Jeanette Christian Revocable Trust (the "Trust") is not a member of Plaintiff. Second, Plaintiff seeks relief for the alleged unauthorized access to Plaintiff's email account. Each claim in this second category is asserted against all defendants. However, Plaintiff has not alleged any basis for the court's exercise of personal jurisdiction over Defendants Jordan Christian, Jason Christian, or Justin Christian (the "Individual Defendants"). Nor has Plaintiff alleged any basis for liability on the part of the Trust for the conduct alleged. Accordingly, the Individual Defendants should be dismissed for lack of personal jurisdiction, and all

claims against the Trust—except Plaintiff's claim for declaratory relief—should be dismissed for failure to state a claim upon which relief may be granted.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is a Kansas limited liability company operated by its manager, Christine Joseph, from her home in North Carolina. (ECF 1 ¶ 5). Defendant Jordan Christian is a resident of California. *Id.* at ¶ 6. Defendant Jason Christian is a resident of New Jersey. *Id.* at 7. Defendant Justin Christian is a resident of Missouri. *Id.* at ¶ 8. The Carol Jeanette Christian Revocable Trust (the "Trust"), is a Kansas trust. *Id.* at ¶ 10. Jordan Christian is the trustee of the Trust. *Id.* Jordan, Jason and Justin (the "Individual Defendants") are the children of Plaintiff's former manager, Jeanette Christian, who passed away on July 20, 2025. *Id.* at 18, 22, 24.

Plaintiff alleges that the Trust incorrectly asserts a membership interest in Plaintiff. *Id.* at ¶¶ 24-37.

Plaintiff further alleges that "one or more of the Defendants . . . infiltrated [Plaintiff's] computer email system" and downloaded documents from that system. *Id.* at ¶¶ 42, 49. This was allegedly accomplished by resetting Jeanette Christian's password using a personal email account that was designated as her recovery account. *Id.* at ¶ 43. Plaintiff otherwise alleges "[u]pon information and belief, these Defendants conspired with one another to perpetrate unauthorized access to" Plaintiff's computer system. *Id.* at ¶ 60.

Based on these allegations, Plaintiff asserts eight "Counts". Count VI is for a Declaratory Judgment and is asserted only against the Trust. *Id.* at ¶¶ 97-102. The remaining counts are each asserted against "All Defendants" and are either statutory or common law claims—or forms of relief sought—for the alleged infiltration of Plaintiff's computer system. *Id.* at ¶¶ 79-96, 103-112.

## ARGUMENT

Plaintiff has not alleged any connection between the Individual Defendants and North Carolina, and there is no basis to support this court's exercise of personal jurisdiction over the said Individual Defendants. Nor has Plaintiff alleged any theory of liability on the part of the Trust for Plaintiff's counts arising out of the alleged infiltration of Plaintiff's computer system. For these reasons, the Individual Defendants should be dismissed entirely, and the Trust should be dismissed from all claims asserted by Plaintiff except for Plaintiff's Count VI for Declaratory Judgment.

I. **THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.**

"A motion to dismiss under Rule 12(b)(2) seeks to dismiss a complaint for lack of personal jurisdiction." *Biglow v. Speaks*, 2025 WL 2417731, at *1 (W.D.N.C. June 3, 2025). "A party invoking federal court jurisdiction has the burden of establishing by a preponderance of the evidence that personal jurisdiction exists over the defendant." *Id.* "[W]hen the court addresses the question of personal jurisdiction in a Rule 12(b)(2) motion on the basis only of motion papers, supporting legal memoranda, and the relevant allegations of a complaint, the burden on the plaintiff is simply to

make a prima facie showing of a sufficient jurisdictional basis to survive the challenge." *Progressive Se. Ins. Co. v. Jordans Trucking, LLC*, 2024 WL 3512819, at *1 (W.D.N.C. July 23, 2024). "In considering a challenge on such a record, the court 'must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'" *Id.* (citation omitted). *See also*, *Biglow*, 2025 WL 2417731 at *4 (holding the plaintiff failed to make a prima facie showing of a sufficient jurisdictional basis where the allegations of the complaint were insufficient to support general or specific jurisdiction).

"There are two types of constitutionally permissible personal jurisdiction—general and specific." *Id.* at *2. "A court may exercise specific jurisdiction over a nonresident defendant if doing so comports with both the forum state's long-arm statute and the Fourteenth Amendment Due Process Clause." *Id.* "In North Carolina, where the long-arm statute extends personal jurisdiction to the limits of the Fourteenth Amendment's Due Process Clause, 'the statutory inquiry merges with the constitutional inquiry.'" *Id.* (citation omitted). "Under the Fourteenth Amendment Due Process analysis, a court may exercise personal jurisdiction 'if the defendant has 'minimum contacts' with the forum, such that to require the defendant to defend its interest in that state 'does not offend traditional notions of fair play and substantial justice.'" *Id.* (citation omitted).

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* (holding there was no general jurisdiction where

there were no allegations the defendant was ever domiciled in North Carolina or engaged in substantial activity here).

"Specific jurisdiction depends on 'an affiliation between the forum and the underlying controversy.'" *Id.* (citation omitted). "To satisfy the pleading requirements for specific jurisdiction, a plaintiff must plausibly allege that (1) the defendant purposefully availed [itself] of the privilege of conducting activity in North Carolina, (2) plaintiff's claims arise out of those activities, and (3) exercising personal jurisdiction would be fair." *Id.* "The Supreme Court has consistently held that the plaintiff cannot be the only link between the defendant and the forum." *Id.* "Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id. See also*, *Progressive Se. Ins. Co.*, 2024 WL 3512819, at *5 ("'Where the defendant '*deliberately*' has engaged in *significant* activities within a state . . . he manifestly has availed himself of the privilege of conducting business there.'") (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985)).

Plaintiff has not alleged any basis for exercising personal jurisdiction over the Individual Defendants.[1] They are each alleged to be residents of different states. (ECF 1 ¶¶ 6-8). "[O]ne or more" of them is alleged to have infiltrated Plaintiff's email account by using a password reset function. *Id.* at ¶¶ 42-43. Plaintiff does not allege any of the Individual Defendants did anything in North Carolina or otherwise purposefully availed themselves of the privilege of conducting activity here. For these

---

[1] In fact, while Plaintiff affirmatively alleges this court's subject matter jurisdiction, Plaintiff does not allege that the court has personal jurisdiction over the Individual Defendants. (ECF 1 ¶ 11).

reasons, the Individual Defendants should be dismissed for lack of personal jurisdiction.

## II. THE TRUST SHOULD BE DISMISSED FROM ALL CLAIMS EXCEPT COUNT VI FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for 'failure to state a claim upon which relief can be granted' tests whether the complaint is legally and factually sufficient." *Egan v. Ballantyne Country Club*, 2026 WL 377867, at \*1 (W.D.N.C. Feb. 11, 2026). "A court need not accept a complaint's 'legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement.'" *Id.* (citation omitted). "The Court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor." *Id.* "Construing the facts in this manner, a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (citation omitted).

Plaintiff alleges one or more of the Defendants infiltrated Plaintiff's email account by using a password reset function. (ECF 1 ¶¶ 42-43). However, the Trust is not a natural person capable of having reset a password or infiltrated anything. Thus, the Trust could not have plausibly engaged in any conduct giving rise to Plaintiff's claims.

To the extent Plaintiff relies on its claim for civil conspiracy, the Trust is equally incapable of having conspired with anyone. *See Ospina v. Griesinger Assocs., Inc.*, 2021 WL 510627, at \* 6 (W.D.N.C. Feb. 11, 2021) ("The elements of a civil

conspiracy claim . . . include: (1) 'an agreement between *two or more persons* to commit a wrongful act'; (2) 'an act in furtherance of the agreement'; and (3) 'damage to the plaintiff as a result of the wrongful act.'"). There is no allegation that any of the defendants, much less the Trust, reached any agreement to do anything.

Nor has Plaintiff alleged any theory of vicarious liability (or any facts that would support such a theory) pursuant to which the Trust could be held liable for any alleged conduct of the Individual Defendants.

Because Plaintiff has not alleged any basis for liability of the Trust for Plaintiff's claims arising out of the alleged infiltration of Plaintiff's email account, each of Plaintiff's claims against the Trust should be dismissed except for Count VI for declaratory relief.

## CONCLUSION

Defendants respectfully request that the court grant Defendants' Rule 12(b) Motions to Dismiss.

This the 9th day of March, 2026.

/s/ *Richard Jeremy Sugg*
Richard Jeremy Sugg
N.C. Bar No. 40351
BELL, DAVIS & PITT, P.A.
227 W. Trade Street, Suite 1800
Charlotte, NC 28202
Telephone: 704-227-0400
Email: jsugg@belldavispitt.com

*Attorneys for Defendants*